

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 19, 1976

The Honorable Bennie Bock II
Chairman
House Committee on Liquor
 Regulation
State Capitol
Austin, Texas 78701

Opinion No. H-783

Re: Renewal of mixed
beverage permit for
limited partnership
permittee after death of
limited partner.

Dear Chairman Bock:

On behalf of the House Committee on Liquor Regulation, of which you are Chairman, you ask:

> Does Article 666-13 of the Penal Auxiliary laws dictate that a mixed beverage permit issued to a limited partnership not be renewed after the death of one of the [limited] partners. . . ?

Article 666-13, Penal Auxiliary Laws, reads in part:

> (a) All permits issued under [the Texas Liquor Control Act] . . .expire one year from the date of issue.
>
> (b) Any permit or license issued. . . shall be purely a personal privilege, revocable in the manner and for the causes herein stated, subject to appeal as hereinafter provided, and shall not constitute property, nor shall it be subject to execution, nor shall it descend by the laws of testate or intestate devolution, but shall cease upon the death of the permittee or licensee;

p. 3304

provided, however, that upon the death
of the holder of any such permit or
license <u>or of any person having an
interest therein, or upon the dissolution
of any partnership</u> . . .the receiver or
successor of any such business involved
may make application to the County
Judge. . . and upon certification by the
County Judge that such person is the
receiver or successor in interest of any
such business involved, the Board or the
Administrator shall, unless good cause
for refusal be shown . . . give permission
to such receiver or successor in interest
to operate said business under the said
permit or license . . . . <u>No such
permit or license shall be renewed.</u> The
<u>receiver or the then owners, however,
may make an original application for a
permit or license.</u>

. . .

(f) Notwithstanding any other
provision of this Act, if the surviving
spouse or surviving descendant of a
holder of a Mixed Beverage Permit
qualifies as the successor in interest
to the permit as provided in Subsection
(b) of this Section, the descendant or
surviving spouse may continue to renew
the permit by paying a renewal fee equal
to the fee the permittee would be required
to pay had he lived. (Emphasis added).

As the above statute expressly states, a permit or
license issued under the Texas Liquor Control Act is not a
vested property right, but is granted and enjoyed subject to
regulations prescribed by the Legislature. <u>Texas Liquor
Control Board v. Canyon Creek Land Corp.</u>, 456 S.W.2d 891
(Tex.Sup. 1970); <u>State v. Bush</u>, 253 S.W.2d 269 (Tex.Sup. 1952).

The provision of the Texas Liquor Control Act with which you are concerned, article 666-13, has been substantially the same since 1949, except for amendments in 1971 that limited all permits and licenses under the Act to a duration of one year and added subparagraph (f) regarding surviving spouses or surviving descendants of holders of Mixed Beverage Permits. Acts 1971, 62nd Leg., ch. 65, p. 681 at 686, 699. The Uniform Limited Partnership Act, article 6132a, V.T.C.S., was not adopted in Texas until 1955, (Acts 1955, 54th Leg., ch. 133, p. 471) when the "entity" theory of partnership law made its first appearance in this state. Prior to that time, partnership property was held by the partners as tenants in common. Now, however, "[a] limited partner's interest in the partnership is personal property." V.T.C.S. art. 6132a, § 19. See generally the Commentary by Professor Bromberg following sections 1 and 8 of article 6132b, The Texas Uniform Partnership Act, in Vernon's Civil Statutes of the State of Texas, Annotated. Cf. Attorney General Opinions H-589 (1975), H-18 (1973).

A limited partner has no individual interest in the property of the partnership. He has, instead, a right to receive a share of the profits or other compensation by way of income of the partnership and to the return of his contribution under certain conditions. V.T.C.S. art. 6132a, § 11(b). We do not believe he has any greater individual interest in the intangible assets belonging to the partnership, whether or not they are classified as "property." Accordingly, it is our opinion that when a limited partnership is the holder of a permit or license issued under the Texas Liquor Control Act, a limited partner is not any more a person "having an interest" in the license or permit than is a shareholder of a corporation holding such a permit. See Penal Auxiliary Laws art. 666-58.

The death of a limited partner does not ipso facto dissolve the partnership. V.T.C.S. art. 6132a, § 22. Inasmuch as the death of a limited partner does not work an automatic dissolution of the partnership, nor is it the death of one having an interest in the permit held by the partnership, we answer your question in the negative. Compare Penal Auxiliary Laws arts. 666-11a, 666-12, and 666-18.

S U M M A R Y

The death of a limited partner does not necessarily prohibit the renewal of a mixed beverage permit issued to the partnership.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb